E-FILED
Thursday, 04 June, 2026  04:06:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DALE HAWKINS,<br>     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-3129 |
| | ) | |
| JAMES GOLTZ, | ) | |
|      Defendant. | ) | |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiff Dale Hawkins's Motion for a Temporary Restraining Order and Order to Show Cause. (Doc. 3). Proceeding *pro se*, Plaintiff claims Defendant James Goltz has infringed, and continues to infringe, Plaintiff's copyrights in filmed interviews. Defendant published the copyrighted works on YouTube and in other online spaces without Plaintiff's authorization. Some infringing publications remain online and publicly accessible. (Doc. 4). Plaintiff asks this Court to issue an emergency temporary restraining order ("TRO") enjoining Defendant from future publishing of the copyrighted material and order him to remove the infringing material. Defendant has not been served process.

I.      DISCUSSION

To obtain a temporary restraining order ("TRO"), Plaintiff must establish at the threshold 1) he "has some likelihood of success on the merits;" 2) he "has no adequate remedy at law;" and 3) "that without relief [he] will suffer irreparable harm." *GEFT*

*Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (quotation omitted). If Plaintiff makes a threshold showing, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Id.* (internal quotation marks omitted); *see also Vela v. Schmidt*, No. 25-CV-2004, 2025 U.S. Dist. LEXIS 263664, at *2 (E.D. Wis. Dec. 22, 2025) (citing cases) (TROs and preliminary injunctions are assessed under same standard). The issuance of preliminary injunctive relief "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (quotation omitted).

Preliminary injunctive relief issued ex parte (without notice to the adverse party) requires an even greater showing. Indeed, "the circumstances in which an ex parte order should be granted are extremely limited" and "they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *American Can Co. v. Mansukhani*, 742 F.2d 314, 321–22 (7th Cir. 1984) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). Rule 65(b) is clear that an ex parte TRO should not be issued unless 1) "specific facts in an affidavit or a verified compliant clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and 2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Where notice can be provided, there is a "very narrow band of cases in which ex parte orders are proper," specifically where "notice to the defendant would render fruitless the further prosecution of the action." *Mansukhani*, 742 F.2d at 322 (citing *In re Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979)) (*Vuitton* found ex parte TRO necessary because "it was highly probable that the [defendant trademark] infringer would dispose of the infringing goods in the few hours before the hearing").

Plaintiff alleges he became aware of Defendant's alleged copyright infringement in January 2025 but did not move for a TRO until April 13, 2026. The "irreparable harm [inquiry] takes into account how urgent the need for equitable relief really is." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011); *see also Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 3821, 2024 U.S. Dist. LEXIS 195756, at *22 (N.D. Ill. Oct. 29, 2024) (11-month delay in filing suit for copyright infringement undermined claim of irreparable harm). Although Plaintiff contends the harm is ongoing and will continue absent preliminary injunctive relief, Plaintiff has failed to demonstrate why a TRO must immediately issue before Defendant can be heard in opposition nor has Plaintiff explained why notice should not be required. Fed. R. Civ. P. 65(b).

## II.    CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion for a TRO (Doc. 3) is DENIED with leave to refile once Defendant has been served process. Plaintiff is reminded of his

obligation to serve Defendant within 90 days of the date the complaint was filed or risk

dismissal of the action. Fed. R. Civ. P. 4(m).

ENTER:   6/4/2026

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE